# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA HERNDON,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>MANAGEMENT SOLUTIONS,<br><br>　　　　　　　Defendant. | CASE NO. 10CV1925<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint, Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP"), and a request for appointment of counsel.

**I.     Motion to Proceed IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show she is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff's Complaint states that she is being forced out of her residence without explanation. It further states that Plaintiff's security deposit may not be returned to her. Plaintiff seeks to be compensated pursuant to San Diego Municipal Code § 143.0570. Section 143.0570 lays forth certain benefits, including financial assistance and technical assistance, to which tenants of single room occupancy ("SRO") hotels that are to be demolished, converted, or rehabilitated are entitled. San Diego, Cal., Mun. Code ch. 14, art. 3, div. 5, § 143.0570. Plaintiff names as Defendant Management Solutions.

As currently pleaded, Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Plaintiff's one paragraph complaint states that she would like to be compensated pursuant to San Diego Municipal Code § 143.0570, but lacks any factual detail regarding her claim. Furthermore, Plaintiff has failed to properly invoke this Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (a pleading setting forth a claim for relief must contain a "short and plain statement of the grounds for the court's jurisdiction"). On the civil cover sheet to her Complaint, Plaintiff indicates that this case involves a federal question,

which would invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331. However, the Complaint refers only to the San Diego Municipal Code and fails to indicate the existence of any federal question. Accordingly, the Court hereby finds that Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief can be granted.

### III. Conclusion and Order

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **GRANTED**. The Complaint is **DISMISSED** without prejudice for failure to state a claim. In light of the Court's dismissal of Plaintiff's Complaint, Plaintiff's motion for appointment of counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: September 22, 2010

HON. DANA M. SABRAW
United States District Judge